**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **EDGAR TIJERINA,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.** |
| | § | |
| **VS.** | § | |
| | § | |
| **PAISANO SERVICE & SUPPLY, INC.** | § | |
| *Defendant* | § | **(JURY REQUESTED)** |

---

## PLAINTIFF EDGAR TIJERINA'S ORIGINAL COMPLAINT

---

**TO THE HONORABLE U.S. DISTRICT COURT:**

**COMES NOW, EDGAR TIJERINA,** (hereinafter referred to as Plaintiff) complaining of **PAISANO SERVICE & SUPPLY, INC.** (hereinafter referred to as the "Defendant" or the "Defendant employer") and for such causes of action would respectfully show unto the Court and the Jury as follows:

### I.
### INTRODUCTION

1.     This action seeks damages, attorney's fees, expert fees, taxable costs of the court, pre-judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. §1981.

### II.
### PARTIES

2.     Plaintiff, EDGAR TIJERINA, is an individual residing in Mission, Hidalgo County, Texas.

3.     Defendant PAISANO SERVICE & SUPPLY, INC. is a corporation authorized to conduct business in the State of Texas and may be served by serving its registered agent, as

follows: **PEGGY J. TOMLINSON  240 Legacy Trail Dr. La Vernia, Texas 78121**.

### III.
### JURISDICTION AND VENUE

4.       This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and 42 U.S.C. §1981, in accordance with those statutes' provisions against race discrimination and retaliation.

5.       This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343.

6.       Venue is proper in the United States District Court of Texas-McAllen Division pursuant to 28 U.S.C. §1391, as the wrongful termination giving rise to Plaintiff's claims occurred in Hidalgo County, Texas.

### IV.
### ADMINISTRATIVE PROCEDURES

7.       Within 300 days of the occurrence of the acts complained of, Plaintiff filed his initial complaint with the Equal Employment Opportunity Commission alleging that the Defendant had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act, as amended and Title VII, 42 U.S.C. § 2000e, *et. seq.,* commonly referred to as the Civil Rights Act of 1964, as amended in 1991.

The formal charge and the "Dismissal and Notice of the "Right to File Civil Action Letter" were filed and received as follows:

Formal Complaint Filed:            January 15, 2016

Notice of Right to File A
Civil Action Letter Received:       May 9, 2016

8.       On May 9, 2016, Plaintiff received from the United States Equal Employment Opportunity Commission, Plaintiff's Dismissal and Notice of Rights letter allowing the Plaintiff

to file this lawsuit within ninety days of its receipt.   Plaintiff's statutory claims were filed within ninety days of its receipt. Plaintiff further invokes the relation back theory as well as any and all equitable doctrines necessary to satisfy the administrative requirements set forth by law.  All conditions precedent to the filing of this lawsuit and as required by law have been performed or have occurred.

## V.
## FACTUAL BACKGROUND

9.     Plaintiff Edgar Tijerina accepted employment with Paisano Service & Supply, Inc. ("Paisano") in or around July 25, 2013 as a Truck Driver earning approximately $79,000.00 yearly plus fringe benefits.  During his almost two years of employment with Paisano, Plaintiff performed all of the duties assigned to him with dedication, hard work and undivided loyalty having received pay raises and bonuses.

10.    During his employment with Paisano, Plaintiff was subjected to a hostile work environment and disparate treatment by Defendant who would treat Plaintiff and other crew members that were of Mexican national descent differently than Anglo Saxons and Hispanics that were of U.S. origin or Mexican American descent. Plaintiff and other Mexican national employees were subjected to racial comments by Defendant's management, including Plaintiff's supervisor Jason Toney, who is Caucasion. Comments that were made toward Plaintiff and other Mexican national employees were "wetbacks" and "beaner Mexicans".  Mr. Toney used intimidating tactics toward the Mexican national employees and would find reasons to terminate them or make working conditions so intolerable hoping they would quit.

11.    Plaintiff was forced to work more hours than he was legally allowed to as a truck driver during a 24-hour period. Rather than rest for 10 hours while driving across state lines, Plaintiff was forced by dispatch to get back on the road before his rest time was over, in violation of Department of Transportation regulations. Plaintiff was also forced to falsify daily logs;

otherwise management would retaliate against him if he didn't do as they said. All other employees that were not of Mexican national origin, were not required to drive for longer periods, i.e. 16 hours in 24-hour shift. They were also allowed their appropriate rest times. They were not asked nor expected to falsify log books.

12.     Plaintiff and other Mexican national employees were not compensated the same for the same work. They were paid less. If they expressed concerns over the disparate and discriminatory treatment, they would receive verbal abuse from Jason Toney. He would say to them, "You f-----g valley people need to have the f-----g balls to tell us if you don't like the pay changes and you don't want to lie on the log book you can go find another job". "You can go find another job". Plaintiff spoke up regarding this mistreatment, illegal requests and earning less. He was retaliated against. Plaintiff spoke to the other Mexican national employees regarding the mistreatment, disparate and discriminatory treatment. He was labeled a rumor generator. However, when another driver, a U.S. citizen of Mexican American descent, spoke up, he was not retaliated against.

During his last six months of employment, Plaintiff was subjected to retaliation, disparate treatment and a hostile work environment on account of illegal, race, national origin, and retaliation discrimination directed at him and others.

13.     On or about July 29, 2015, Plaintiff was unlawfully terminated by members of Defendant's management.

14.     Plaintiff alleges that there was no legitimate business justification for his termination in that the Plaintiff had always performed a satisfactory job for the Defendant employer during his employment and that there was work available and there continues to be work available which Plaintiff could perform. Plaintiff further asserts and intends to prove that the mistreatment received by him including, but not limited to, harassment, hostile work environment, race and national origin discrimination, among other things, was part of a pattern

and practice engaged in by the Defendant employer towards the Plaintiff and others similarly situated.

## VI.

## CAUSES OF ACTION

## COUNT ONE – DISCRIMINATION AND RETALIATION UNDER TITLE VII

15.     The allegations contained in paragraphs 1 through 14 inclusive are hereby incorporated by reference.

16.     Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against due to his race (Hispanic), national origin (Mexican national) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §200022(a)(1).

17.     Defendant is an employer within the meaning of Title VII.

18.     Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's *race*, color, religion, sex, or *national origin*."

19.     Defendant intentionally discriminated against Plaintiff because of his race (Hispanic), national origin (Mexican national) in violation of Title VII by terminating his employment on or about July 29, 2015. Plaintiff was unlawfully terminated by members of Defendant's management due to discriminatory reasons and due to the culmination of discriminatory conduct directed against him by the Defendant.

20.     Defendant retaliated against Plaintiff for making a discrimination complaint, participating in a discrimination investigation or otherwise opposing discrimination by the employer. Plaintiff made a discrimination complaint and opposed a discriminatory practice by

Defendant, suffered adverse employment actions as a result in that Defendant terminated Plaintiff's employment, and there is a causal connection between the making of the discrimination complaint, the opposition to the discriminatory practice and the adverse employment actions.

The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## COUNT ONE – DISCRIMINATION AND RETALIATION UNDER 42U.S.C. §1981

21.     The allegations contained in Paragraphs 1 through 20 are hereby incorporated by reference.

22.     42U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

23.     Defendant intentionally discriminated against Plaintiff because of his race and in retaliation for his complaints of race discrimination in violation of 42U.S.C. §1981 by unlawfully discharging him. Plaintiff made a discrimination complaint, participated in a discrimination investigation, and opposed a discriminatory practice by Defendant, suffered materially adverse employment actions as a result in that Defendant terminated Plaintiff's employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages, as more fully set forth below.

**VII.**

**DAMAGES**

24.     As a result of the incident made the basis of this suit, Plaintiff has incurred damages in the following respects:

**LOST EARNINGS AND SPECIAL DAMAGES**

25.     At the time of the incident complained of, Plaintiff was gainfully employed.  As a proximate result of the wrongful conduct and corresponding acts of the Defendant employer,

Plaintiff was unable to attend to his occupation and thereby suffered a loss of income for which he hereby sues.  As a result of the wrongful conduct and corresponding acts of the Defendant employer, the Plaintiff's earnings, retirement and capacity to earn a livelihood were severely impaired.  In all reasonable probability, the Plaintiff's loss of earnings and loss of earning capacity will continue long into the future, if not for the balance of the Plaintiff's natural life.  Plaintiff therefore sues for any lost earnings in the form of back pay, lost wages, front pay, retirement benefits, employment benefits in the past and future, lost past and future earnings and/or diminished earning capacity to the extent permitted by law due to the acts complained of above.

**PAST AND FUTURE MENTAL ANGUISH**

26.    As a result of the incident described above, that is made the basis of this suit, Plaintiff has suffered physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages.  The Plaintiff has suffered feelings of anxiety, worthlessness, embarrassment, and inferiority. The Plaintiff has further suffered ill-health effects including, but not limited to, agitation, restlessness, sleeplessness, depression and/or loss of self-esteem due to the discriminatory treatment and/or his illegal termination or wrongful discharge.  In all reasonable probability, Plaintiff will continue to suffer such physical injuries, sickness and/or illness as well as emotional distress, loss of enjoyment of life, mental anguish and other hedonic damages for a long time into the future, if not for the balance of his natural life.

### IIX.
### ATTORNEYS FEES

27.    By reason of the allegations of this Complaint and should Plaintiff be designated the "prevailing party", Plaintiff is entitled to recover attorney's fees in a sum that is reasonable and necessary.  In this connection, Plaintiff will show that he has employed the undersigned attorney to assist him in the prosecution of this action.  Plaintiff further seeks an upward adjustment or

enhancement to the *lodestar* amount of attorney's fees to be determined in the prosecution of this lawsuit. A reasonable attorney's fee is further requested for the work expended in the preparation and trial of this cause along with a reasonable fee for any and all appeals to other courts. If ultimately successful in this case, Plaintiff fully expects that the Defendant employer will appeal this case. Plaintiff seeks attorney's fees to compensate the Plaintiff for the attorney's fees he has and will incur in the prosecution of this lawsuit, both at trial and on appeal. Plaintiff further pleads for the recovery of reasonable and necessary expenses for the use of associate counsel, paralegals and/or law clerks that assist in the prosecution of the case. As permitted, Plaintiff also seeks to re-coup all litigation expenses expended in the prosecution of this lawsuit.

### IX.
### <u>EXEMPLARY DAMAGES</u>

28.     The conduct of the Defendant as set out above, was carried out and constituted such an entire want of care as to constitute a conscious indifference to the rights or welfare of the Plaintiff. Because of the spite, ill-will, malicious and/or fraudulent intent held by the Defendant's management toward the Plaintiff, such management, acting in a willful and intentional manner, committed certain acts calculated to cause injury and/or damage to the Plaintiff. Accordingly, the Defendant acted with malice, actual malice and/or a specific intent to injure the Plaintiff. Plaintiff is hereby entitled to recover exemplary or punitive damages to deter such cruel and undignified procedures by the Defendant and its management in the future. Accordingly, Plaintiff requests that punitive damages be awarded against the Defendant as a result of its egregious violations of the law.

# X.

## DEMAND FOR TRIAL BY JURY

29.     Plaintiff, by and through his attorney of record make and file this demand for

Trial by Jury in the above styled and numbered cause.  Plaintiff requests that this case be set on

the jury docket of the court for disposition in due order and as soon as practicable.

**WHEREFORE,** Plaintiff, **EDGAR TIJERINA** prays that this Honorable Court grant the

following:

(1)     Judgment against the Defendant, **PAISANO SERVICE & SUPPLY, INC.** for the
Plaintiff's actual damages;

(2)     Punitive damages;

(3)     Attorney's fees;

(4)     Pre-judgment interest allowed by law;

(5)     Interest on said judgment at the legal rate from the date of judgment;

(6)     For costs of suit herein; and

(7)     For such other and further relief at law or in equity to which the Plaintiff may show
himself justly entitled to receive and for which he shall forever pray.


Respectfully submitted,

**THE LAW OFFICES OF
CINDY A. GARCIA, P.C.**
200 N. 12th Ave., Suite 102
Edinburg, Texas 78541-3503
Telephone: (956) 412-7055
Facsimile: (956) 412-7105
thegarcialawfirm@gmail.com
cluna.garcialaw@gmail.com

By: /s/ cindy a. garcia____
    Cindy A. Garcia
    State Bar No. 07631710
    Federal ID No. 58460

**ATTORNEY FOR PLAINTIFF
EDGAR TIJERINA**